CHARLES A. MURPHY *v.* UNITED STATES

■

No. 4451.—Entered at Fort Covington, N. Y., May 3, 1937.
Entry No. C 172.

(Decided November 17, 1938)

Plaintiff not represented by counsel.
*Webster J. Oliver*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

KEEFE, Judge: This is an appeal for a reappraisement of a pair of mares sold by a Canadian horse dealer to a resident of Potsdam, N. Y. The horses were invoiced and entered at $150 each and appraised at $162.50 each, an advance of $25 for the two horses. The plaintiff claims that he paid $300 and that the extra $25 was for handling charges.

The evidence produced at the trial establishes the following facts: The importer purchased the mares in April 1937 while he was in Canada but was unable to take them back with him at that time. According to the plaintiff, the seller offered to sell the horses to him for $325 but finally accepted $300 for the pair and because he was unable to accept delivery for several days the seller was paid $25 extra for stabling, feeding, and delivery to the importer in Canada. A report of a special agent who investigated the transaction and questioned the seller concerning the terms was admitted in evidence on behalf of the Government. Therein it is disclosed that the seller insists that he sold the mares for $325, with a $25 down payment, and that it was his practice in selling horses, when delivery was not immediately made, to stable them free of charge, and that he had done so in this instance.

The evidence is conflicting as to whether or not the $25 payment was part of the contract price of the horses. It is true that the Canadian dealer offered his horses for $325 and it was $325 that he received. Undoubtedly the seller truthfully stated to the customs agents that when delivery can not be given immediately it is his practice to care for the horses free of charge. Yet, the court can take cognizance of the fact that the seller is a horse dealer and trader and it is not beyond the realm of possibility that he led the purchaser to believe that he was selling him the horses for $300 and it was his regular practice to charge $25 for handling and delivery. However the case may be, we believe that $325 represents the value of the horses in question, even though the importer might have been entirely innocent in believing that he had succeeded in driving a bargain for the horses at the lower price of $300.

For the reasons stated, I find the dutiable values to be the values returned by the appraiser.

Judgment will be entered accordingly.